[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10458
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cr-00112-BJD-PDB-1

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JASON DEAN BARNES,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 20, 2019)

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Jason Barnes appeals his conviction for receipt of child pornography. He contends that the district court erred in denying his motion to suppress evidence obtained using a "network investigative technique" ("NIT"), the use of which was authorized by a magistrate judge in the Eastern District of Virginia. Barnes asserts that the warrant authorizing use of the NIT was void *ab initio* because the issuing magistrate judge exceeded her authority under the 2015 version of Federal Rule of Criminal Procedure 41(b) and § 636(a) of the Federal Magistrates Act. Barnes argues that searches made pursuant to warrants void *ab initio* are the equivalent of warrantless searches, and thus, suppression of the evidence obtained using the NIT is warranted because the search violated his Fourth Amendment rights. He also argues that the evidence was not admissible under the good-faith exception to the exclusionary rule because the Federal Bureau of Investigations ("FBI") agents who obtained the warrant misled the magistrate judge as to the territorial scope of the search and should have been aware that the NIT warrant could not have been authorized under the 2015 version of Rule 41(b).

When reviewing the denial of a motion to suppress, we review the district court's legal conclusions *de novo* and its findings of fact for clear error. *United States v. Hollis*, 780 F.3d 1064, 1068 (11th Cir. 2015). We review the entire record in the light most favorable to the party prevailing below. *Id.*

The Fourth Amendment protects against unreasonable searches and seizures but does not contain a provision precluding the use of evidence obtained in violation of its commands. *Herring v. United States*, 555 U.S. 135, 139 (2009). The exclusionary rule is a judicially-created remedy that forbids the use of improperly obtained evidence at trial in order to deter Fourth Amendment violations. *Id.* at 139–40.

> Section 636(a)(1) of the Federal Magistrates Act states that:
>
> [e]ach United States magistrate judge serving under this chapter shall have within the district in which sessions are held by the court that appointed the magistrate judge, at other places where that court may function, and elsewhere as authorized by law . . . all powers and duties conferred or imposed upon United States commissioners by law or by the Rules of Criminal Procedure for the United States District Courts.

28 U.S.C. § 636(a)(1).

Rule 41(b) (2015) stated that a magistrate judge could issue a warrant at the request of law enforcement where: (1) a magistrate judge with authority in the district had authority to issue a warrant to search for and seize a person or property located within the district; (2) a magistrate judge with authority in the district had authority to issue a warrant for a person or property outside of the district if the person or property was within the district when the warrant was issued but might have moved or been moved outside of the district before the warrant was executed; (3) in a terrorism investigation, a magistrate judge with authority in any district in which activities related to that terrorism may have occurred had authority to issue a

3

warrant for a person or property within or outside that district; (4) a magistrate judge with authority in the district had authority to issue a warrant to install a tracking device within the district, and that warrant may authorize use of the tracking device to track movement of a person or property located within the district, outside the district, or both; and (5) in specified areas for property located outside the jurisdiction of any state or district.  Fed. R. Crim. P. 41(b)(1)–(5) (2015).

This Court recently addressed both of Barnes's arguments in *United States v. Taylor*, __ F.3d __, 2019 WL 4047512 (11th Cir. Aug. 28, 2019).   First, we held that the NIT warrant was not authorized by Federal Rule of Criminal Procedure 41(b). *Taylor*, 2019 WL 4047512 at *6.   In issuing the warrant, the magistrate judge exceeded her authority granted in 28 U.S.C. § 636, thus rendering the warrant void at issuance and the resulting search violative of the Fourth Amendment. *Id.* at *7.   However, we held that the good-faith exception to the exclusionary rule was available, even in the case of a void warrant. *Id.* at *9. We held that the FBI agents who sought the warrant were entitled to that exception because there was no indication that they "sought to deceive the magistrate judge or otherwise acted culpably or in a way that necessitates deterrence—and certainly no indication of the sort of 'deliberate[ ], reckless[ ], or . . . gross[ly] negligen[t]' conduct that the Supreme Court has recently highlighted as the focus of the

exclusionary-rule/good-faith inquiry." *Id.* at *10 (quoting *Davis v. United States*, 564 U.S. 229, 240, 131 S. Ct. 2419 (2011)).  The application and affidavit sufficiently divulged the extent of the search, and the officers left the constitutionality of the search to the magistrate judge.  *Id.* at *11.  We concluded that because we did not find the officers culpable and saw no deterrent value in suppressing the evidence found on the defendants' computers, the good-faith exception applied.  *Id.*

Barnes's case is entirely controlled by the decision in *Taylor* because he raises the same arguments based on the same operative facts.  Therefore the judgment of the district court is

**AFFIRMED.**